UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UTICA MUTUAL INSURANCE COMPANY,<br><br>         Plaintiff,<br><br>   -against-<br><br>INA REINSURANCE COMPANY, n/k/a R&Q REINSURANCE COMPANY,<br><br>         Defendant. | 11-cv-8207 (AKH)<br><br>**AFFIDAVIT IN OPPOSITION TO PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION** |

STATE OF NEW YORK  )
          : ss.:
COUNTY OF NEW YORK )

   John F. Finnegan, being duly sworn, deposes and says:

   1.  I am a member of the Bar of this Court and a member of Chadbourne & Parke LLP, attorneys for defendant, INA Reinsurance Company, n/k/a R&Q Reinsurance Company (R&Q").

   2.  I make this affidavit in opposition to plaintiff's motion for a preliminary injunction. The principal purpose of this affidavit is to place before the Court two documents. I have personal knowledge of the facts set forth below.

   3.  Exhibit A hereto is a true and complete copy of an October 20, 2011 letter submitted by plaintiff's counsel to Hon. George H. Lowe, United States Magistrate Judge, in an action pending in the Northern District of New York (the "NDNY") titled Utica Mutual Insurance Co. v. Fireman's Fund Insurance Co., No. 6:09-cv-0853 (DNH/GHL) (the "NDNY

Action").  The letter appears on the NDNY's docket at entry 88 and is readily accessible to the public today, as it has been since October 20, 2011.

4.      Exhibit B hereto is a true and complete copy of Fireman's Fund Insurance Company's ("FFIC's") October 20, 2011 response to Utica Mutual Insurance Company's ("Utica Mutual's") October 20, 2011 letter to Judge Lowe in the NDNY Action.  FFIC's letter appears on the NDNY's docket at entry 89; it too is currently available to the public, and has been since October 20, 2011.

5.      On November 22, 2011, Judge Lowe heard argument from R&Q and FFIC with respect to Utica Mutual's motion to strike aspects of an affidavit that I had submitted in the NDNY Action.  Utica Mutual claimed that portions of my affidavit violated confidentiality agreements between Utica Mutual and R&Q, as well as an arbitral order entered in an arbitration between Utica Mutual and R&Q.  See Ex. B at 21-22 & 22-23.  At the time Judge Lowe heard argument, FFIC had not submitted a memorandum of law or any affidavits in opposition to Utica Mutual's motion to strike, which was filed on November 15, 2011.  Judge Lowe then had before him only FFIC's counsel's October 20, 2011 letter (Ex. B hereto) and its enclosures, one of which is an October 13, 2011 email from me to Utica's counsel outlining the reasons why the disclosures made by me in my affidavit did not violate any of R&Q's confidentiality obligations.  Id. at 21.

6.      One of the issues on which Judge Lowe heard argument on November 22, 2011 is whether R&Q's counsel violated confidentiality agreements between Utica Mutual and R&Q or an arbitral order in the Utica Mutual/R&Q arbitration.  Judge Lowe also heard argument as to whether a breach by R&Q of one or more of the confidentiality restrictions imposed upon it

2

(assuming there was a breach) was excusable as a matter of law and whether a breach (again, assuming there was one) harmed Utica. Upon conclusion of the argument, Judge Lowe reserved decision, indicating in a November 22, 2011 Text Minute Entry, that an order would be forthcoming. FFIC anticipates that Judge Lowe will address one or more of these issues (perhaps all of them) when he rules.

_____<br>John F. Finnegan

Sworn to before me this
16th day of December.

_____
Notary Public