UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UTICA MUTUAL INSURANCE COMPANY,

                           Plaintiff,

             -against-                      11-cv-8207 (AKH)

INA REINSURANCE COMPANY, n/k/a R&Q
REINSURANCE COMPANY,

                           Defendant.

---

## DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO SEAL

CHADBOURNE & PARKE LLP
30 Rockefeller Plaza
New York, NY  10112
Tel: (212) 408-5100
Fax: (212) 541-5369

*Attorneys for Defendant, R&Q*
  *Reinsurance Company*

Thomas J. Hall
Robert A. Schwinger
John F. Finnegan

      Of Counsel

CPAM: 4365649.1

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................. ii

ARGUMENT ..........................................................................................................................1

PLAINTIFF HAS NOT MADE AN ADEQUATE SHOWING TO OBTAIN AN ORDER
SEALING ANY PORTION OF ANY FILING......................................................................1

    A.    Utica Has Not Even Purported to Address the Requirements For Sealing
          Set Forth by the Second Circuit ..............................................................................1

    B.    Additionally, Utica Has Failed to Demonstrate Facts That Would Satisfy the
          Second Circuit's Requirements for Sealing ............................................................3

    C.    Granting the Requested Sealing Order Would Both Chill R&Q and
          Inconvenience the Court ..........................................................................................6

CONCLUSION.......................................................................................................................7

TABLE OF AUTHORITIES

Page(s)

**FEDERAL CASES**

Alexandria Real Estate Equities, Inc. v. Fair,
　No. 11-cv-3694 (LTS), 2011 U.S. Dist. LEXIS 138455
　(S.D.N.Y. Nov. 30, 2011) ................................................................................................ 4

Church Ins. Co. v. ACE Prop. & Cas. Ins. Co.,
　No. 10-cv-698 (RJS), 2010 U.S. Dist. LEXIS 109774
　(S.D.N.Y. Sept. 23, 2010) ............................................................................................ 2, 4

Del Campo v. Kennedy,
　No. C 01-21151 (N.D. Cal. March 7, 2007) ................................................................ 5, 6

Lugosch v. Pyramid Co. of Onondaga,
　435 F.3d 110 (2d Cir. 2006) .............................................................................. 1, 2, 3, 4

Mutual Marine Office, Inc. v. Transfercom Ltd.,
　No. 08-cv-10367 (PGG), 2009 U.S. Dist. LEXIS 31739
　(S.D.N.Y. Apr. 15, 2009) ............................................................................................ 1, 2

Seattle Times Co. v. Rhinehart,
　467 U.S. 20 (1982) ........................................................................................................... 6

Defendant, INA Reinsurance Company, n/k/a R&Q Reinsurance Company ("R&Q"), submits this Memorandum of Law in opposition to plaintiff's motion for an order sealing all court filings "that contain or rely upon confidential information subject to [an arbitration panel's October 2009] Confidentiality Order" or to any one of three confidentiality agreements between R&Q and plaintiff, Utica Mutual Insurance Company ("Utica").  See Utica's Memorandum of Law in Support of Motion to Seal ("Pl. Mem.") at 2.

## ARGUMENT

### PLAINTIFF HAS NOT MADE AN ADEQUATE SHOWING TO OBTAIN AN ORDER SEALING ANY PORTION OF ANY FILING

**A.    Utica Has Not Even Purported to Address the Requirements For Sealing Set Forth by the Second Circuit**

Utica's brief glosses over, or fails to consider altogether, several significant precedents that address the issuance of sealing orders.  Most notably, although Utica cites Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110 (2d Cir. 2006) (see Pl. Mem. at 3), Utica neglects to mention the Second Circuit's holding -- establishing a three step process that must be strictly followed when a movant asks a court to seal filings -- and ignores the court's discussion of blanket confidentiality agreements.  In Lugosch, the Second Circuit indicated that agreements to maintain the confidentiality of documents (even when reduced to a court order) are not, standing alone, a sufficient basis upon which a district court may seal judicial records.  435 F.3d at 125-26.

In Mutual Marine Office, Inc. v. Transfercom Ltd., No. 08-cv-10367 (PGG), 2009 U.S. Dist. LEXIS 31739, at *4 (S.D.N.Y. Apr. 15, 2009), the SDNY succinctly summarized the three-step process articulated by the Second Circuit in Lugosch.  The MMO court wrote:

> First, a [district] court must determine whether the presumption of [public] access [to court records] attaches.  A presumption of access attaches to any item that constitutes a "judicial document"- i.e., an "item . . . relevant to the performance of the judicial function and useful in the judicial process."  Second, if the [district] court determines that the item to be sealed is a "judicial document," the court must then determine the weight of the presumption of access.  "[T]he weight to be given the presumption of access must be governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts."  "Generally, the information will fall somewhere on a continuum from matters that directly affect an adjudication to matters that come within a court's purview solely to insure their irrelevance."  Finally, after determining the weight of the presumption of access, the court must "balance competing considerations against it."  "Such countervailing factors include but are not limited to the danger of impairing law enforcement or judicial efficiency and the privacy interests of those resisting disclosure."

Id.  (quoting passages from Lugosch).

Lugosch and its progeny, MMO included, also make clear that material may be sealed only "if specific, on the record findings are made [by the district court] demonstrating that closure [sealing] is <u>essential</u> to preserve higher values and is narrowly tailored to serve that interest."  435 F.3d at 120 (emphasis added).  According to the Second Circuit:  "Broad and general findings by the trial court . . . are <u>not</u> sufficient to justify closure."  Id.  A necessary corollary to this admonition is that broad and unsubstantiated arguments by a movant who is seeking to seal records are insufficient as a matter of law.  E.g., Church Ins. Co. v. ACE Prop. & Cas. Ins. Co., No. 10-cv-698 (RJS), 2010 U.S. Dist. LEXIS 109774 at *7 (S.D.N.Y. Sept. 23, 2010).

Here, Utica has not set forth in its papers the three-step process established by the Second Circuit in Lugosch.  Nor has Utica addressed in its papers each of the three Lugosch steps.  This deficiency is alone adequate reason for this Court to deny Utica's motion to seal.  E.g., Church, at *7 (failure to address the application of each Lugosch step requires the court to deny a motion to seal).

2

**B.     Additionally, Utica Has Failed to Demonstrate Facts That
Would Satisfy the Second Circuit's Requirements for Sealing**

This Court should also deny Utica's motion because in a given case, the determination whether sealing is "essential to preserve higher values" is a fact-specific one, which even Utica itself recognizes.  Pl. Mem. at 3 ("the inquiry is specific to the facts of each case").  Nonetheless, Utica has failed to come forward with any evidence or support of any kind for its bald contention that "multiple factors . . . support sealing."  Pl. Mem. at 3 & 8-10.  Thus, on the record now before this Court, this Court cannot assess whether Utica has satisfied its burden to establish a "most compelling reason" to seal filings; nor can this Court assess whether Utica has demonstrated that the sealing proposed by it is narrowly tailored (as is also required).  Lugosch, 435 F.3d at 120, 123 & 124-25.  A single example should serve to illustrate this point.  Utica blithely contends that the "Arbitration Panel's Confidentiality Order . . . supports sealing the record because Utica has reasonably relied on the Order since it was entered."  Pl. Mem. at 11.  Implicit in Utica's position is the premise that R&Q's allegedly offending disclosures somehow violated the arbitration panel's order, which is dated October 2009.  See November 29, 2011 Declaration of Syed Ahmad (the "Ahmad Decl."), Ex. 4 at 3.  This Court, however, cannot test the veracity of this unstated premise because Utica failed to provide the Court any meaningful specifics concerning R&Q's allegedly improper disclosures.  Thus, the Court cannot assess whether each of the disclosures about which Utica complains was made prior to the entry of the arbitral order or, more fundamentally, whether any of the disclosed information was subject to a confidentiality restriction.

Another glaring deficiency in Utica's papers is Utica's reliance on three private, confidentiality agreements, and a panel order adopting one of those agreements, as a basis upon which this Court might seal records.  E.g., Pl. Mem. at 1, 3 & 8-10.  Although Utica has made

3

the parties' confidentiality agreements and the arbitral order the centerpiece and, perhaps, the linchpin of its myriad arguments, courts in this district have repeatedly held that "the mere existence of a confidentiality agreement, . . . , does not demonstrate that sealing is necessary." E.g., Alexandria Real Estate Equities, Inc. v. Fair, No. 11-cv-3694 (LTS), 2011 U.S. Dist. LEXIS 138455, at *9 (S.D.N.Y. Nov. 30, 2011); Church, at *8; MMO, at *13-14; see also Lugosch, 435 F.3d at 125-26 (discussing broad, umbrella confidentiality orders with disfavor).

There is still an additional (third) reason why this Court should not grant the sealing order requested by Utica. Utica wants permission to file under seal information that pertains to the contents of two CDs delivered by Utica to R&Q in August 2009. Those CDs and the circumstances of their disclosure to R&Q are the nub of the parties' controversy in this action. While Utica contends that the CDs are subject to one or more of the parties' confidentiality agreements, R&Q disputes this assertion and has pointed out that the CDs were delivered to it in the ordinary course of business, which would remove the CDs from the scope of any of the parties' confidentiality agreements. Under these circumstances, in order to obtain a ruling allowing sealing, Utica, at the barest minimum, should be required to establish that the CDs were provided to R&Q in confidence with the understanding that R&Q would not disclose anything concerning the CDs or any of the information on the CDs to anyone. After all, if Utica had no genuine expectation of confidentiality in August 2009, when the CDs were delivered to R&Q, Utica cannot now assert that a sealing order is essential. Nevertheless, Utica has not adduced any evidence which even remotely suggests -- no less establishes -- that the CDs delivered to

4

R&Q are subject to a confidentiality obligation.  This omission too should be fatal to Utica's motion.[1]

The omission also renders many of the cases cited by Utica (see Pl. Mem. 4-6) readily distinguishable and inapposite.  For example, in Del Campo v. Kennedy, No. C 01-21151 (N.D. Cal. March 7, 2007), defendants designated certain documents as confidential subject to the terms of a protective order.  Plaintiffs disputed defendants' designations as to five documents and asserted that those five documents did not warrant confidential treatment.  The court allowed the documents to be filed under seal pending disposition of the motion because there was no dispute that the documents were initially disclosed by the defendants subject to existing confidentiality restrictions.  Here, in contrast, the crux of the dispute is whether Utica's CDs were ever subject to a confidentiality agreement or restriction.  As such, unlike the documents in Del Campo, Utica's CD's (or, more accurately, information relating to the CDs) is not entitled to a presumption of confidentiality.

---

[1]  The one and only declaration submitted by Utica in support of its motion to seal -- the November 29, 2011 Declaration of Syed Ahmad -- does little more than put six documents before the Court. The declaration does not explain the relevance of any of the six documents; the declaration does not set forth any facts on which this Court could evaluate whether R&Q breached a confidentiality obligation; and the declaration does not set forth any facts on which this Court could make "specific, on the record findings" that sealing is essential in this matter.

Further, the few factual statements contained in Mr. Ahmad's declaration, even if true, are red-herrings.  By way of illustration, the statement that Utica has in its possession "privileged information about the [asbestos] claims" filed against Goulds Pumps Inc. (¶ 7) presumes, without explanation or foundation, that those documents are relevant and material to Utica's allegations of breach of confidentiality.

5

Del Campo is also distinguishable on the basis that, in this case, there is no genuine reason why Utica would ever have to place before this Court any of the documents which are contained on the CDs. Utica has not alleged -- whether in connection with this motion, in its complaint or elsewhere -- that R&Q improperly disclosed documents to a third party. Rather, Utica has asserted only that R&Q improperly disclosed to third parties certain information about the CDs (for example, the fact of the CDs delivery to R&Q). The distinction is meaningful; it makes abundantly clear that Utica would not need to produce any of the documents contained on the CDs in order to show a breach of confidentiality (assuming there was any such breach). The documents themselves are not material to this issue because the documents themselves were never provided by R&Q to anyone.

Utica's reliance on Seattle Times Co. v. Rhinehart, 467 U.S. 20 (1982), is also misplaced. In Seattle Times, the Supreme Court upheld the authority and right of courts to impose restrictions on the use of information that a party obtains during pre-trial discovery solely by virtue of a court order directing disclosure. In the Supreme Court's words: "The unique character of the discovery process requires that the trial court have substantial latitude to fashion protective orders." 467 U.S. at 36. Seattle Times has nothing whatsoever to do with sealing or whether, or in what circumstances, an order permitting the sealing of a court file is appropriate.

C. **Granting the Requested Sealing Order Would Both Chill R&Q and Inconvenience the Court**

Finally, entry of the sealing order requested by Utica would have an unwarranted chilling effect upon R&Q and would impose inconvenience on the Court. The order sought by Utica would require the parties to file under seal all papers that "contain, relate to, reference or are based on confidential information under the Confidentiality Order" or any one or more of the parties' three "confidentiality agreements." Pl. Mem. at 1. In certain contexts an order this broad

6

might not create problems for the parties. Here, however, it would. The central issue in this proceeding is whether R&Q breached a confidentiality obligation. The parties are unable to agree whether the CDs provided to R&Q in August 2009 are subject to a confidentiality agreement. Thus, if a sealing order were entered by this Court, R&Q, to forestall any argument that it had violated a sealing order, would be compelled to file the entirety of every submission it makes under seal. Only by doing so could R&Q avoid the possibility that Utica might later assert that a brief or other document publicly filed by R&Q should have been placed under seal.

Utica's proposed sealing order (if entered) would also have unintended consequences for this Court. The Court would be put to the burden of accepting filings under seal which may only arguably contain confidential information. Further, the Court would constantly be forced to scrutinize its every publicly-available pronouncement in this case lest the Court have revealed some item of information that was filed under seal, while struggling to honor the command that court proceedings are presumptively public. There is no reason to put the Court to such a burden upon nothing more than the empty showing with which Utica has come forward on this motion.

## **CONCLUSION**

For the foregoing reasons, R&Q respectfully requests that this Court deny Utica's motion to seal and grant R&Q such other and further relief as to the Court seems just and proper.[2]

---

[2] Utica intimates in its brief that R&Q should not be heard to object to sealing because last year, in connection with a different proceeding, "R&Q wrote 'we believe the papers should be filed under seal, as the entire action [seeking to disqualify Chadbourne as R&Q's counsel] concerns the underlying arbitration and the [parties'] papers include . . . considerable discussion of [confidential]' Arbitration Information.'" Pl. Mem. at 9-10. Utica fails to recognize that R&Q's statement last year was specific to the facts and circumstances that prevailed then and that, today, in the context of Utica's claim of breach of confidentiality, the

(Cont'd on following page)

Dated:   December 16, 2011

        Respectfully submitted,

        CHADBOURNE & PARKE LLP

By   */s/ John F. Finnegan*
        John F. Finnegan
        A Member of the Firm
        Attorneys for Defendant, R&Q
          Reinsurance Company
        30 Rockefeller Plaza
        New York, NY  10112
        Tel.: (212) 408-5100
        Fax: (212) 541-5369

Thomas J. Hall
Robert A. Schwinger

    Of Counsel

---

(Cont'd from preceding page)

    facts and circumstances are considerably different.  Utica's current action does not implicate confidential Arbitration Information (a term defined in the parties' October 2009 Confidentiality Agreement).  As such, there is no reason to seal any aspect of Utica's current action.