UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------X
                                                     :

UTICA MUTUAL INSURANCE COMPANY,    :

                                        :

            Plaintiff,                  :

                                          :

           - against -               :         No.:  11-cv-8207 (AKH)

                                          :

INA REINSURANCE COMPANY,          :
N/K/A R&Q REINSURANCE COMPANY,   :

                                          :

           Defendant.             :
-----------------------------------------------------------------X

## PLAINTIFF UTICA MUTUAL INSURANCE COMPANY'S REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION TO SEAL CONFIDENTIAL INFORMATION

# TABLE OF CONTENTS

Page

INTRODUCTION .........................................................................................................................1

I.       ARGUMENT........................................................................................................................2

         A.       The Court Should Reject R&Q's Request to Delay Sealing...................................2

         B.       R&Q Is Judicially Estopped from Opposing Sealing Now, Having
                  Previously Requested Sealing Based on the Same Confidentiality
                  Order and Agreements. ...........................................................................................5

         C.       The Confidentiality Order and Agreements Support Sealing. ................................6

CONCLUSION.............................................................................................................................7

\*        \*        \*

Declaration of Syed S. Ahmad Submitted With Reply for Utica's Motion to Seal Confidential Information

| Exhibit No. | Description |
|---|---|
| 7 | Affidavit of John F. Finnegan Requesting An Order To Seal Proceedings |
| 8 | Letter from R&Q to Judge Alvin K. Hellerstein, dated March 29, 2010, endorsed by Judge John G. Koeltl on March 31, 2010 |
| 9 | Order Allowing Limited Disclosure of Certain Filings Under Seal, filed in the Northern District of New York on December 21, 2011 |

# TABLE OF AUTHORITIES

*A&E Television Networks, LLC v. Pivot Point Entm't, LLC*, No. 10 Civ. 9422
(PGG), 2011 WL 182083, (S.D.N.Y. Jan. 18, 2011)................................................................. 6

*Bergen Brunswig Corp. v. IVAX Corp.*,
No. 97-cv-2003, 1998 WL 113976 (S.D.N.Y. Mar. 12, 1998)...................................... 4

*Custom Vehicles, Inc. v. Forest River, Inc.*, 464 F.3d 725 (7th Cir. 2006)................................... 4

*Del Campo v. Kennedy*, No. 5:01-cv-21151 (N.D. Cal. Mar. 7, 2007) ...................................... 4, 5

*DiRussa v. Dean Witter Reynolds Inc.*, 121 F.3d 818 (2d Cir. 1997)............................................. 6

*Durham Indus., Inc. v. North River Ins. Co.*, No. 79-cv-1705,
1980 WL 112701 (S.D.N.Y. Nov. 21, 1980)................................................................. 6

*Gene Codes Forensics, Inc. v. City of N.Y.*,
-- F. Supp. 2d --, 2011 WL 2652394 (S.D.N.Y. June 24, 2011)............................................. 4, 5

*Houston Gen. Ins. Co. v. Certain Underwriters at Lloyd's London*,
2003 WL 22480058 (S.D.N.Y. Oct. 31, 2003)................................................................ 6

*In re Sept. 11 Litig.*, 723 F. Supp. 2d 526 (S.D.N.Y. 2010) ............................................... 7

*Johnson v. Medisys Health Network*, 2011 WL 5222917 (E.D.N.Y. June 1, 2011)................... 6, 7

*Kelly v. Evolution Mkts., Inc.*, 626 F. Supp. 2d 364 (S.D.N.Y. 2009)............................................. 4

*NXIVM Corp. v. O'Hara*, 241 F.R.D. 109 (N.D.N.Y. 2007)........................................................... 4

*Oneida Indian Nation of N.Y. v. County of Madison, N.Y.*,
5:70-cv-35 (N.D.N.Y. Aug. 20, 2002)................................................................. 5

*Seattle Times Co. v. Rhinehart*, 467 U.S. 20 (1984)................................................................. 1, 3

*SEC v. TheStreet.com*, 273 F.3d 222 (2d Cir. 2001)................................................................. 3

*Shire LLC v. Mickle*, No. 7:10-cv-434 (W.D. Va. July 8, 2011) ...................................... 4

The Hartford Courant Co. v. Pellegrino, 380 F.3d 83 (2d Cir. 2004)......................................... 1, 3

*United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995) ...................................... 6

*Utica Mut. Ins. Co. v. R&Q Reins. Co.*, No. 10-cv-2669 (S.D.N.Y. 2010)................................... 7

## INTRODUCTION

The Court should seal the record here because of the nature of the litigation itself – this is a case about maintaining the confidentiality of certain information, which R&Q Reinsurance Company utterly failed to do.  Without the sealing, the very information that Utica is trying to protect, including privileged information, would be readily available through the parties' filings. That would result in additional disclosures of the very information R&Q improperly disclosed and that Utica is trying to protect.

If the Court does not seal the record, Utica will be forced to choose to either (a) enforce R&Q's confidentiality obligations and risk additional disclosures of the information that R&Q should have kept confidential in the first instance; or (b) avoid seeking redress in the judicial system to preclude further harm from additional disclosures in unsealed filings.  Utica should not have to make that choice. *See Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 n.22 (1984) (approving of procedures to protect confidential information so that litigants have "unimpeded access" to courts).  Accordingly, the Court should seal the record. *See The Hartford Courant Co. v. Pellegrino*, 380 F.3d 83, 96 (2d Cir. 2004) (explaining that presumption of public access is rebutted when sealing "is essential to preserve higher values and is narrowly tailored to serve that interest")

In its opening brief, Utica provided multiple, independent reasons to seal the record, including:

(A) Utica's right of access to the courts;

(B) the attorney-client and work-product privileges;

(C) the privacy interest of Goulds Pumps, Inc., an innocent third-party;

(D) the privacy interests of Utica and R&Q;

(E) the federal policy favoring arbitration; and

(F) judicial efficiency.

Doc. No. 7 at 3-13.  In its opposition, R&Q does not contest any of these specific grounds.  Nor could it.  In fact, just last year, R&Q itself argued – in a related proceeding in this Court – that sealing was necessary because of the same Arbitration Panel's Confidentiality Order and confidentiality agreements that Utica relies on now.  R&Q Affidavit Requesting An Order to Seal Proceedings ¶ 10 (Ex. 7); *see also* Ex. 8 (asserting that "papers should be filed under seal" because entire action will include confidential information concerning the arbitration).[1]

Unable to contest the plain need to seal the record, R&Q resorts to asking the Court to delay a ruling on sealing until *after* the underlying confidentiality dispute is resolved.  Under R&Q's proposal, the parties would be free to file with the Court – without any sealing – the very information that Utica contends is confidential.  The Court would then determine if the material at issue is confidential and would defer until the very end the decision on sealing.  This approach is flawed because the unsealed filings would further disclose the information that Utica contends R&Q improperly shared with others.  And until the Court rules on the sealing request, other parties will have access to the confidential information, risking additional harm to Utica from the improper disclosures.

Accordingly, there is no basis to delay the ruling on this motion, and the Court should seal the record.

I.      ARGUMENT

A.      The Court Should Reject R&Q's Request to Delay Sealing.

As shown in Utica's opening brief, the Court should issue a sealing order at this stage, so the parties can submit future filings about the underlying confidentiality dispute under seal.

---

[1] Utica submitted Exhibits 1 through 6 with its opening brief.  Utica's additional exhibits provided with this reply are Exhibits 7 through 9.

2

R&Q argues that the Court should first resolve the confidentiality dispute and *then* determine what information should be filed under seal. R&Q's approach is substantively wrong, impractical, and would prejudice Utica by risking further disclosures of confidential information in unsealed filings. And the Court should reject R&Q's argument for three other reasons.

First, the Court should reject R&Q's argument because it conflicts with the Supreme Court's instructions that "potential litigants have unimpeded access to the courts." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 n.22 (1984) (without adequate procedures for protecting confidential information in litigation, "'rather than expose themselves to unwanted publicity, individuals may well forgo the pursuit of their just claims'" (quoting *Rinehart v. Seattle Times Co.*, 654 P.2d 673, 689 (Wash. 1982)); *see also SEC v. TheStreet.com*, 273 F.3d 222, 230 n.8 (2d Cir. 2001) (same). Courts should avoid this result because, otherwise, the "judicial system will thus have made the utilization of its remedies so onerous that the people will be reluctant or unwilling to use it, resulting in frustration of a right as valuable as that of speech itself." *Id.* (quoting *Rhinehart*, 654 P.2d at 689).

When faulting Utica for relying on *Rhinehart*, given the case did not deal specifically with sealing, R&Q misses the point. Because the dispute in this case necessarily centers on confidential information and is necessitated by R&Q's breach of its confidentiality obligations, sealing will avoid additional disclosures of confidential information in unsealed filings. Under *Rhinehart*, sealing is necessary to keep the doors of the judicial system open for confidentiality disputes. Without sealing under these circumstances, a litigant will have to choose – as noted above – to either (a) enforce confidentiality obligations and risk additional disclosures of the very information that should have remained confidential in the first instance; or (b) not seek redress from the judicial system to preclude additional disclosures in unsealed filings. *See*

3

*Pellegrino*, 380 F.3d at 96 (explaining that higher values supporting sealing outweigh presumption of public access). To avoid that unjust result, the Court should seal the record.

Second, and another reason to reject R&Q's argument, the Court should seal the record before resolving the underlying confidentiality dispute so the very information sought to be protected is not disclosed again in unsealed filings. *See Kelly v. Evolution Mkts., Inc.*, 626 F. Supp. 2d 364, 377 (S.D.N.Y. 2009) (sealing confidential employment agreement where parties disputed whether plaintiff improperly disclosed that confidential agreement); *Custom Vehicles, Inc. v. Forest River, Inc.*, 464 F.3d 725, 727 (7th Cir. 2006) (stating that court would accept motion to seal brief containing confidential information "pending resolution of any dispute about confidentiality"); *Shire LLC v. Mickle*, No. 7:10-cv-434 (W.D. Va. July 8, 2011) (sealing exhibit because exhibit in part described the confidential information that plaintiff contended defendant had wrongfully taken or used); *Del Campo v. Kennedy*, No. 5:01-cv-21151 (N.D. Cal. Mar. 7, 2007) (sealing documents because they were currently the subject of a motion disputing their confidentiality).

Third, the Court should seal the record because, to demonstrate R&Q's improper disclosures of certain confidential information, Utica will need to file additional confidential information, as Utica has done in its reply for the pending Motion for Preliminary Injunction. *See NXIVM Corp. v. O'Hara*, 241 F.R.D. 109, 113 n.4 (N.D.N.Y. 2007) (explaining that because the motion pertained to matters that may "possibly provide the basis for other confidentiality claims, all of the papers, except the initial Motion, have been filed under seal"); *Bergen Brunswig Corp. v. IVAX Corp.*, No. 97-cv-2003, 1998 WL 113976, at *1 (S.D.N.Y. Mar. 12, 1998) (explaining that court allowed plaintiff to file complaint under seal where complaint alleging breach of merger agreement contained information protected by related confidentiality

agreement); *Gene Codes Forensics, Inc. v. City of N.Y.*, -- F. Supp. 2d --, No. 10-cv-1641, 2011 WL 2652394, at *6 n.7 (S.D.N.Y. June 24, 2011) (ordering plaintiff to file transcript under seal where plaintiff contended that transcript supported its contention that defendant misused confidential information); *Oneida Indian Nation of N.Y. v. County of Madison, N.Y.*, 5:70-cv-35 (N.D.N.Y. Aug. 20, 2002) (sealing filings because parties would be relying extensively on documents containing client confidences and secrets and attorney work product).[2]

## B.   R&Q Is Judicially Estopped from Opposing Sealing Now, Having Previously Requested Sealing Based on the Same Confidentiality Order and Agreements.

The Court should reject R&Q's opposition to Utica's motion for another, independent, reason.  R&Q's efforts to oppose sealing now are completely at odds with R&Q's own requests just last year for a sealing order from this Court.  As shown below, R&Q is judicially estopped from taking these inconsistent positions.

In a prior proceeding involving the same arbitration and a dispute between Utica and R&Q about disqualification of R&Q's counsel, R&Q made a request to seal the record to protect confidential information concerning the arbitration.  R&Q Affidavit Requesting An Order to Seal Proceedings ¶ 2 (Ex. 7).  R&Q also wrote to this Court about the importance of submitting the filings under seal.  R&Q Letter to the Honorable Alvin K. Hellerstein (Ex. 8).  In its letter, R&Q

---

[2] In its opening brief, Utica cited all of the case law in this and the proceeding paragraph.  R&Q only addresses one of these decisions, *Del Campo v. Kennedy*, No. 5:01-cv-21151 (N.D. Cal. Mar. 7, 2007).  R&Q states that the court allowed sealing in that case because "there was no dispute that the documents were initially disclosed by the defendants subject to existing confidentiality restrictions."  Doc. No. 21 at 5.  In fact, the exact opposite is true.  In that case, the plaintiffs filed a "motion to dispute confidentiality of documents".  *Del Campo*, No. 5:01-cv-21151 (N.D. Cal. Mar. 7, 2007).  The court ordered that the documents at issue be filed under seal, explaining that "[b]ecause the documents are currently the subject of a motion disputing their confidentiality, the party claiming confidentiality need not make any further showing at this time."  Similarly, here, the parties dispute the confidentiality of certain information.  As a result, *Del Campo* supports sealing the record, just like the remaining cases Utica cited which R&Q did not even address.  Doc. No. 7 at 3-4.

asserted that "the papers should be filed under seal, as this entire action concerns the underlying arbitration and the papers include" confidential information under the Arbitration Panel's Confidentiality Order and "considerable discussion of" that confidential information. *Id.* at 2. Likewise, in its request to seal the record, R&Q argued that "the parties' confidentiality agreement supports sealing the record in this proceeding." Ex. 7 ¶ 10.

Now, when Utica relies upon the same Confidentiality Order and confidentiality agreement, R&Q calls that reliance a "glaring deficiency." Doc. No. 21 at 3.  Under judicial estoppel, R&Q cannot have it both ways.[3]  *See A&E Television Networks, LLC v. Pivot Point Entm't, LLC*, No. 10 Civ. 9422 (PGG), 2011 WL 182083, at *6 (S.D.N.Y. Jan. 18, 2011) (finding judicial estoppel because of inconsistent arguments in two proceedings).

### C.      The Confidentiality Order and Agreements Support Sealing.

R&Q also argues that the Arbitration Panel's Confidentiality Order and the parties' confidentiality agreements are insufficient to support sealing.  But the case law provides otherwise.  *See DiRussa v. Dean Witter Reynolds Inc.*, 121 F.3d 818, 826-27 (2d Cir. 1997) (affirming sealing entire file except for court's orders and opinions where arbitration agreement prohibited disclosure of confidential arbitration information); *Houston Gen. Ins. Co. v. Certain Underwriters at Lloyd's London*, 2003 WL 22480058, at *3 (S.D.N.Y. Oct. 31, 2003) (noting that letter from reinsurer's counsel to arbitration panel was filed under seal); *United States v.*

---

[3] R&Q attempts to disavow its prior efforts to seal the record by arguing that the circumstances here are "considerably different" than in the earlier proceeding because this action "does not implicate" confidential information.  That is demonstrably false, as shown above.  In fact, as another example, Utica's reply filing for that motion includes specific confidential information to respond to R&Q's arguments.  *See* Utica Mot. for Permission to File Utica's Reply Filings Under Seal.  R&Q also does not dispute that the Court should seal privileged material, which, given the insurer-reinsurer relationship, Utica has provided to R&Q and will likely be at issue in this case. *See Durham Indus., Inc. v. North River Ins. Co.*, No. 79-cv-1705, 1980 WL 112701, *2-3 (S.D.N.Y. Nov. 21, 1980) (explaining basis for insurer providing material to reinsurer).

*Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995); *Johnson v. Medisys Health Network*, 2011 WL 5222917, at *29 (E.D.N.Y. June 1, 2011) (sealing portions of record containing defendant's confidential or privileged information).[4] In fact, as noted above, in a related case in front of this Court, R&Q itself had argued just last year that "the parties' confidentiality agreement [the same one that Utica relies on now] supports sealing the record in this proceeding. . . ." Ex. 7 ¶ 10.

Finally, in addition to the Confidentiality Order and confidentiality agreements, the other multiple, independent factors set forth in Utica's opening brief and uncontested by R&Q support sealing.[5] *See* Doc. No. 7.

## CONCLUSION

In its opening brief, Utica identified multiple, independent reasons in support of sealing. In its opposition, R&Q hardly contests these reasons. For that reason and the reasons above and in Utica's opening brief, this Court should seal the record.

----

[4] In addition, the Northern District of New York's Order Allowing Limited Disclosure supports sealing the record. Ex. 9. The NDNY Order allows disclosure of certain sealed filings only to this Court, R&Q, and R&Q's attorneys. Accordingly, the Court should seal those NDNY filings in this action.

[5] Unable to respond to Utica's legal arguments, R&Q resorts to overestimating the effect of sealing the record. R&Q has not demonstrated how Utica's narrow request for sealing will actually burden R&Q or prevent access that would be appropriate otherwise under the circumstances. *See* Utica's Memo. (Doc. No. 7) at 2 n.2 (requesting narrowly tailored sealing order pursuant to this Court's rules). And, R&Q has not shown how any alleged burden outweighs the multiple, independent factors in favor of sealing Utica set fort in its opening brief. Furthermore, Utica trusts that the Court is aware of the "consequences" of sealing. Utica's sealing request does not contain anything novel that should lead to different consequences than sealing in any other matter. *See Utica Mut. Ins. Co. v. R&Q Reins. Co.*, No. 10-cv-2669, Doc. Nos. 23, 25 (S.D.N.Y. 2010) (Hellerstein, J.) (where Utica identified information for sealing, the Court ordered the sealing of those portions of record); *In re Sept. 11 Litig.*, 723 F. Supp. 2d 526, 533 (S.D.N.Y. 2010) (Hellerstein, J.) (maintaining portions of settlement and other confidential documents under seal).

Dated:  New York, New York
        December 23, 2011

HUNTON & WILLIAMS LLP

By:     <u>/s/ Robert J. Morrow</u>
Robert J. Morrow
HUNTON & WILLIAMS LLP
200 Park Avenue
New York, New York 10166
(212) 309-1000
rmorrow@hunton.com

Walter J. Andrews (to be admitted *pro hac vice*)
Syed S. Ahmad (to be admitted *pro hac vice*)
Patrick M. McDermott (to be admitted *pro hac vice*)
HUNTON & WILLIAMS LLP
1751 Pinnacle Drive, Suite 1700
McLean, Virginia 22102
(703) 714-7400
wandrews@hunton.com
sahmad@hunton.com
mcdermottp@hunton.com

*Counsel for Utica Mutual Insurance Company*

8

## DECLARATION OF SERVICE

Bradford C. Mulder, hereby declares under penalty of perjury, pursuant to 28 U.S.C. § 1746, that:

I am the Managing Clerk at the law firm of Hunton & Williams LLP, attorneys for Plaintiff Utica Mutual Insurance Company.

That on December 23, 2011, I served a true copy of the foregoing, on counsel of record for Defendant, at the address listed below, via First-Class Mail, by depositing the same in a duly-enclosed and sealed wrapper, with the correct postage thereon, in an official letter box duly maintained by the Government of the United States of America, within the State of New York

I declare under penalty of perjury that the foregoing is true and correct.

Executed on December 23, 2011.

/s/ Bradford C. Mulder
Bradford C. Mulder

TO:    John F. Finnegan, Esq.
Michael Samalin, Esq.
Robert A. Schwinger, Esq.
Thomas J. Hall, Esq.
CHADBOURNE & PARKE LLP
30 Rockefeller Plaza
New York, NY 10112-0127


*Attorneys for Defendant*
*INA Reinsurance Company n/k/a R&Q Reinsurance Company*