UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**Redacted**

-------------------------------------------------------------X
                                    :

UTICA MUTUAL INSURANCE COMPANY,     :
                                      :

                Plaintiff,            :

                                      :

        - against -           :     No.:  11-cv-8207 (AKH)

                                      :

INA REINSURANCE COMPANY,            :
N/K/A R&Q REINSURANCE COMPANY,    :

                                      :

           Defendant.          :

-------------------------------------------------------------X

### PLAINTIFF UTICA MUTUAL INSURANCE COMPANY'S
### OPPOSITION TO MOTION TO DISMISS OR STAY

# TABLE OF CONTENTS

Page

I.   INTRODUCTION ................................................................................................1

II.  BACKGROUND .................................................................................................3

    A.   Improper Disclosure of Utica's Confidential Information.........................3

        1.   ███████████████████████..............................................3

        2.   R&Q's Disclosure of Confidential Information to FFIC.............3

        3.   Disclosure of Confidential Information to the NDNY ................4

    B.   Utica's Claims Against R&Q Based on Improper Disclosures ................4

    C.   Utica's Motion to Strike FFIC's Filings .................................................5

III. ARGUMENT .....................................................................................................5

    A.   The *Colorado River* Doctrine Does Not Apply Here. ..............................6

    B.   R&Q Has Not Demonstrated That the *Colorado River* Doctrine Requirements
        Have Been Satisfied. ................................................................................7

        1.   There is No "Parallel" Litigation. ..............................................8

        2.   R&Q Has Not Shown Any Risk of Piecemeal Litigation...........10

        3.   None of the Other *Colorado River* Factors Support Abstention................11

    C.   R&Q Has Not Demonstrated that Violations of the Arbitration Panel's Order
        Must Be Addressed by the Panel. ..........................................................13

IV.  CONCLUSION................................................................................................15

## TABLE OF CONTENTS (CONTINUED)

Declaration of Syed S. Ahmad Submitted With Utica's Motion to Dismiss or Stay

| Exhibit No. | Description |
|---|---|
| 1 | Utica's Complaint Against R&Q in captioned lawsuit (including Exhibits 1 to 4) |
| 2 | ████████████████████████████████████████ |
| 3 | Utica's First Amended Complaint Against Fireman's Fund Insurance Company, filed electronically in the Northern District of New York on December 22, 2009 |
| 4 | ████████████████████████████████████████ |
| 5 | December 21, 2011 Order from Northern District of New York |
| 6 | ████████████████████████████████████████ |
| 7 | Utica's Motion to Strike filed electronically in the Northern District of New York on November 15, 2011 |

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Alliance of Am. Insurers v. Cuomo,*
    854 F.2d 591 (2d Cir. 1988)..........................................................................2, 9, 12

*Allstate Ins. Co. v. Longwell,*
    735 F. Supp. 1187 (S.D.N.Y. 1990)...................................................................7

*Am. Disposal Servs., Inc. v. O'Brien,*
    839 F.2d 84 (2d Cir. 1988)...............................................................................10

*Andrea Theatres, Inc. v. Theatre Confections, Inc.,*
    787 F.2d 59 (2d Cir. 1986)...............................................................................2, 8

*Arkwright-Boston Mfrs. Mut. Ins. Co. v. City of New York,*
    762 F.2d 205 (2d Cir. 1985).............................................................................6

*Bernstein v. Hosiery Mfg. Corp. of Morganton, Inc.,*
    850 F. Supp. 176 (E.D.N.Y. 1994) ..................................................................9, 10

*Bethlehem Contracting Co. v. Lehrer/McGovern, Inc.,*
    800 F.2d 325 (2d. Cir. 1986)............................................................................2, 8, 10, 11

*Burnett v. Physician's Online, Inc.,*
    99 F.3d 72 (2d Cir. 1996).................................................................................1, 5, 6

*Curtis v. DiMaio,*
    46 F. Supp. 2d 206 (E.D.N.Y. 1999) ...............................................................7

*De Cisneros v. Younger,*
    871 F.2d 305 (2d Cir. 1989).............................................................................10

*Dittmer v. Cnty. of Suffolk,*
    146 F.3d 113 (2d Cir. 1998).............................................................................10

*F.D.I.C. v. Four Star Holding Co.,*
    178 F.3d 97 (2d Cir. 1999)...............................................................................9, 12

*First Options of Chicago, Inc. v. Kaplan,*
    514 U.S. 938 (1995).........................................................................................14

*Fox v. Maulding,*
    16 F.3d 1079 (10th Cir. 1994) .........................................................................6

## TABLE OF AUTHORITIES (CONTINUED)

*Gannett Co. v. Clark Constr. Group, Inc.,*
    286 F.3d 737 (4th Cir. 2002) ..........................................................................6

*Hines v. Overstock.com, Inc.,*
    380 Fed. App'x 22 (2d Cir. 2010)..................................................................14

*Howard v. Klynveld Peat Marwick Goerdeler,*
    977 F. Supp. 654 (S.D.N.Y 1997) .................................................................7

*Levy v. Lewis,*
    635 F.2d 960 (2d Cir. 1980)...........................................................................6

*Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.,*
    460 U.S. 1 (1983)................................................................................1, 6, 7

*Royal & Sun Alliance Ins. Co. of Canada v. Century Int'l Arms, Inc.,*
    466 F.3d 88 (2d Cir. 2006)............................................................................8

*Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.,*
    130 S. Ct. 1758 (2010)................................................................................13

*United States v. Pikna,*
    880 F.2d 1578 (2d Cir. 1989).................................................................1, 5, 9

*Village of Westfield v. Welch's,*
    170 F.3d 116 (2d Cir. 1999)...............................................................7, 12, 13

*Volt Info. Scis., Inc. v. Bd. Of Trs. of Leland Stanford, Jr. Univ.,*
    489 U.S. 468 (1989)....................................................................................13

*Watson v. Mayo,*
    No. 07 Civ. 54(NRB), 2008 WL 538442 (S.D.N.Y. Feb. 26, 2008) .........................7

*Woodford v. Cmty. Action Agency of Greene Cnty., Inc.,*
    239 F.3d 517 (2d Cir. 2001)..........................................................10, 12, 13

*Zemsky v. City of New York,*
    821 F.2d 148 (2d Cir. 1987)...........................................................................9, 12

### OTHER AUTHORITIES

Fed. R. Civ. P. 33 ........................................................................................11

Fed. R. Civ. P. 36........................................................................................11

## I.   INTRODUCTION

This case arises out of Chadbourne & Parke LLP using confidential information the firm obtained on behalf of one client – R&Q Reinsurance Company – for the benefit of another, unrelated firm client – Fireman's Fund Insurance Company ("FFIC").  Attempting to avoid the consequences of its counsel's actions, R&Q asks this Court to dismiss Utica's complaint because Utica's claims against R&Q will somehow be addressed in litigation between Utica and FFIC, where R&Q is not even a party.

In moving to dismiss under the *Colorado River* abstention doctrine, R&Q needs to satisfy a heavy burden to overcome the presumption in favor of this Court exercising its jurisdiction. *See United States v. Pikna*, 880 F.2d 1578, 1582 (2d Cir. 1989) ("On a motion for abstention under *Colorado River*, the presumption is in favor of the federal court's retaining jurisdiction, not yielding it").  Given that this Court has "a 'virtually unflagging obligation' to exercise [its] jurisdiction," *Colorado River* abstention applies "in limited situations" only. *See Burnett v. Physician's Online, Inc.*, 99 F.3d 72, 76 (2d Cir. 1996).  Moreover, the task is "not to find some substantial reason for the *exercise* of federal jurisdiction by the district court; rather, the task is to ascertain whether there exist 'exceptional' circumstances, the 'clearest of justifications,' that can suffice under *Colorado River* to justify the *surrender* of that jurisdiction." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 25-26 (1983) (emphasis in original).  R&Q falls well short of the extraordinary showing necessary for the Court to surrender its jurisdiction and, accordingly, the Court should deny R&Q's motion.

As a threshold matter, the *Colorado River* doctrine governs when there is "parallel" litigation in a federal court and a *state* court. *See Burnett*, 99 F.3d at 76 ("[i]n *Colorado River*, . . . the Supreme Court announced an abstention doctrine for use in limited situations in which *state and federal courts* exercise concurrent jurisdiction simultaneously") (emphasis added).  Here, the

FFIC case that R&Q relies on is in federal court, the Northern District of New York ("NDNY").

Consequently, the *Colorado River* doctrine does not apply by its own terms.

In addition, and an independent reason the Court should deny R&Q's motion, the FFIC

lawsuit is not a "parallel" case, as required under *Colorado River*. Lawsuits are parallel if they

involve similar claims and similar relief, and the so-called "parallel" case can comprehensively

resolve the entire dispute. *See Andrea Theatres, Inc. v. Theatre Confections, Inc.*, 787 F.2d 59,

62-63 (2d Cir. 1986) (explaining that *Colorado River* abstention requires that other court

"dispose of the *entire matter*, including the issues before the federal court") (emphasis added).

Here, the FFIC action is not parallel to this litigation because R&Q is not even a party in

that case, and Utica cannot pursue any claims against R&Q in the NDNY. Moreover, the NDNY

cannot comprehensively resolve the dispute between Utica and R&Q because that court cannot

provide *any* of the relief Utica seeks here against R&Q (*e.g.*, an injunction, a declaration of

R&Q's obligations, and damages for R&Q's misconduct). *See Bethlehem Contracting Co. v.*

*Lehrer/McGovern, Inc.*, 800 F.2d 325, 328 (2d. Cir. 1986) (reversing district court's decision to

abstain because, just like here, the defendant in the federal case was not a defendant in the state

court litigation and the federal case had a claim that was not at issue in the state litigation);

*Alliance of Am. Insurers v. Cuomo*, 854 F.2d 591, 603 (2d Cir. 1988) (reversing district court's

decision to abstain because of "differences in parties and issues" in the two cases). Instead of

being parallel to the NDNY litigation between Utica and FFIC, this case is unique because only

this Court can determine award Utica relief against R&Q.

As shown below, the other *Colorado River* factors also require that the Court exercise its

jurisdiction, not surrender it. Accordingly, the Court should deny R&Q's Motion to Dismiss.

## II.   BACKGROUND

### A.   Improper Disclosure of Utica's Confidential Information

███████████████████████

Since 2009, Utica Mutual Insurance Company and R&Q Reinsurance Company have been parties to an arbitration regarding certain reinsurance agreements.  Ex. 1 (Compl.) ¶ 6.

███████████████████████████████████████████████

██████████████████████████████████████

███████████████████████████████████████████

████████████████████████████████████

██████████████ a confidentiality agreement providing that everything concerning the arbitration was confidential.  Ex. 1 (Compl.) ¶ 26, 27, & Ex. 2 to Compl.

### 2.   R&Q's Disclosure of Confidential Information to FFIC

As Utica recently learned, after having ███████████████████████

████████████████████████████████████

███████████████████████████████████████

██████████████████████████████

███████████████████████████████████████████

████████████████████████████████

████████████████████████████ R&Q's counsel violated the confidentiality agreement to assist FFIC (another firm client) in the company's separate litigation with Utica.  Ex. 1 (Compl.) ¶ 26, 27, & Ex. 2 to Compl.  That litigation, pending in the NDNY, concerns certain reinsurance agreements covering ████████████████████

███████████████████. Ex. 3 (Utica's First Am. Compl. Against FFIC) ¶ 6 *et seq.*

3

3.     Disclosure of Confidential Information to the NDNY

In addition to the improper disclosures about Utica's confidential documents, described

above, ██████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

███████████████████████

**B.     Utica's Claims Against R&Q Based on Improper Disclosures**

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

█████████████████████████████

As a result, Utica brought this action against R&Q asserting claims for declaratory relief

(Count One), breach of contract (Count Two), tortious interference with contract (Count Three),

and injunctive relief (Count Four).  Ex. 1 at 7-10.  Utica asks this Court to:

---

[1] In its brief, R&Q mischaracterizes how FFIC "had previously responded to Utica's position" as
to the issues raised in Utica's discovery motion.  R&Q Mem. at 3.  R&Q's mischaracterization,
however, is immaterial to its Motion to Dismiss.

    (1) enjoin R&Q and its agents from breaching the Arbitration Panel's Confidentiality
        Order and the confidentiality agreements Utica and R&Q entered into;

    (2) award damages for R&Q's and its agents' violation of the confidentiality obligations
        and tortious interference with contract;

    (3) declare R&Q's obligations to maintain the confidentiality of Utica's documents; and

    (4) award Utica its attorneys' fees and costs.

Ex. 1 at 10-11.

### C.    Utica's Motion to Strike FFIC's Filings

    Separate from the claims against R&Q and the relief sought in this case, Utica filed in the

NDNY action a Motion to Strike parts of FFIC's filings opposing Utica's discovery motion

because they contain Utica's confidential information.  Ex. 7.[2]  In its Motion to Strike, or

otherwise in the NDNY, Utica does not seek any relief against R&Q, and nor could it because

R&Q is not a party in the FFIC litigation.

## III.    ARGUMENT

    The Court should deny R&Q's Motion to Dismiss because R&Q has not met its heavy

burden to overcome the presumption in favor of this Court exercising its jurisdiction.  As the

Second Circuit has made clear, on "a motion for abstention under *Colorado River*, the

presumption is in favor of the federal court's retaining jurisdiction, not yielding" it.  *Pikna*, 880

F.2d at 1582.  Moreover, because the "federal courts have a 'virtually unflagging obligation' to

exercise their jurisdiction," *Colorado River* abstention applies "in *limited* situations" only.  *See*

*Burnett*, 99 F.3d at 76 (emphasis added).  Ultimately, the Court's task is "not to find some

substantial reason for the *exercise* of federal jurisdiction by the district court; rather, the task is to

---

[2] As noted in Utica's Motion to Strike, Utica's papers submitted in support of the motion were
filed under seal in the NDNY.  Ex. 7 at 1.

ascertain whether there exist 'exceptional' circumstances, the 'clearest of justifications,' that can suffice under *Colorado River* to justify the *surrender* of that jurisdiction." *Moses H. Cone Mem'l Hosp.*, 460 U.S. at 25-26 (emphasis in original).

As shown below, R&Q falls well short of the extraordinary showing necessary for the Court to surrender its jurisdiction and, accordingly, the Court should deny R&Q's motion.

### A.    The *Colorado River* Doctrine Does Not Apply Here.

R&Q claims that federal district courts can "invoke *Colorado River* abstention" to avoid exercising jurisdiction "when parallel litigations are pending before ... two federal courts." R&Q Mem. at 6.  R&Q is wrong because *Colorado River* abstention applies when the parallel litigation is in *state court*, not federal court, which is the case here:

> *Colorado River* "crafted a new exceptional-circumstances test for determining . . . whether federal litigation should be stayed out of deference to parallel litigation commenced *in state court*."

*Arkwright-Boston Mfrs. Mut. Ins. Co. v. City of New York*, 762 F.2d 205, 207 (2d Cir. 1985) (emphasis added); *see also Levy v. Lewis*, 635 F.2d 960, 967 (2d Cir. 1980) (*Colorado River* abstention requires "duplicative litigation in *state* and federal forums") (emphasis added); *Burnett*, 99 F.3d at 76 ("[i]n *Colorado River*, . . . the Supreme Court announced an abstention doctrine for use in limited situations in which *state and federal courts* exercise concurrent jurisdiction simultaneously") (emphasis added).[3]

_____

[3] *See also Gannett Co. v. Clark Constr. Group, Inc.*, 286 F.3d 737, 741 (4th Cir. 2002) ("For a federal court to abstain under the *Colorado River* doctrine, two conditions must be satisfied. As a threshold requirement, there must be parallel proceedings in *state* and federal court") (emphasis added); *Fox v. Maulding*, 16 F.3d 1079, 1080 (10th Cir. 1994) ("The *Colorado River* doctrine applies to situations involving the contemporaneous exercise of concurrent jurisdictions by *state* and federal courts") (emphasis added) (internal citations omitted).

Not surprisingly, in the dozen or so decisions cited by R&Q, not a single court applied *Colorado River* abstention when there was no competing *state* court case.[4]

Accordingly, the Court should deny R&Q's motion because there is no parallel state court proceeding, as required for *Colorado River* abstention. *See Village of Westfield v. Welch's*, 170 F.3d 116, 120 (2d Cir. 1999) (*Colorado River* abstention "applies where, as in the instant case, '*state and federal courts* exercise concurrent jurisdiction simultaneously'") (emphasis added); *Allstate Ins. Co. v. Longwell*, 735 F. Supp. 1187, 1192 (S.D.N.Y. 1990) (*Colorado River* abstention is "predicated on the existence of pending state litigation on parallel issues, and, thus, [is] inapposite since there is no longer anything pending in the state courts – both lawsuits are now here" in federal court).

**B.     R&Q Has Not Demonstrated That the *Colorado River* Doctrine Requirements Have Been Satisfied.**

Even if *Colorado River* abstention could apply here, R&Q has not satisfied the stringent requirements that would warrant abstention. *See Moses H. Cone Mem'l Hosp.*, 460 U.S. at 25-26 (the Court must determine "whether there exist '*exceptional*' circumstances, *the 'clearest of justifications*,'* that can suffice under *Colorado River* to justify" surrender of that jurisdiction) (emphasis added). R&Q has not shown any exceptional circumstances or any justification for the Court to abstain. Accordingly, the Court should exercise its jurisdiction over this case and deny R&Q's motion.

---

[4] The remaining cases cited by R&Q did not apply the *Colorado River* abstention doctrine. *See Watson v. Mayo*, No. 07 Civ. 54(NRB), 2008 WL 538442, at *4-9 (S.D.N.Y. Feb. 26, 2008) (dismissing claims because of laches and claim preclusion); *Curtis v. DiMaio*, 46 F. Supp. 2d 206, 215 (E.D.N.Y. 1999) (dismissing claims because both cases involved "the same relief" founded on the same facts, which "makes available to the defendants the "plea of 'other suit pending'"); *Howard v. Klynveld Peat Marwick Goerdeler*, 977 F. Supp. 654, 664-65 (S.D.N.Y 1997) (dismissing claims because "suits brought against partners of a signatory to an arbitration agreement are duplicative of suits against the signatory").

1.     There is No "Parallel" Litigation.

The threshold question under *Colorado River* is whether the FFIC action and this case are "parallel". To be parallel, the two lawsuits must involve substantially similar claims and substantially similar relief, and the other court must be able to comprehensively resolve the entire dispute. *See Andrea Theatres, Inc.*, 787 F.2d at 62-63 (explaining that *Colorado River* abstention requires that other court "dispose of the entire matter, including the issues before the federal court" and reversing district court's decision to abstain because state court may not have resolved all of the claims in federal court); *Royal & Sun Alliance Ins. Co. of Canada v. Century Int'l Arms, Inc.*, 466 F.3d 88, 94 (2d Cir. 2006) (two suits are "parallel" if the parties are "litigating substantially the same issues in both actions").

The FFIC litigation and this case are not parallel. In the FFIC litigation, Utica has not asserted any claims against R&Q that are at issue here because R&Q is not even a party in that case. *Compare* Ex. 3 (First Am. Compl. Against FFIC) ¶ 40 *et seq.* (seeking damages and other relief against FFIC for FFIC's failure to comply with obligations under FFIC's reinsurance agreements with Utica) *with* Ex. 1 (Complaint Against R&Q) ¶ *42 et seq.* (as a result of R&Q's violation of confidentiality obligations, seeking a preliminary injunction against R&Q, a declaration of R&Q's obligations, and damages for R&Q's misconduct). Consequently, the NDNY court cannot award Utica *any* of the relief it seeks here, much less comprehensively resolve the dispute between Utica and R&Q.

Because this is the only case where Utica has asserted any claims against R&Q, and this is the only Court that can grant any relief against R&Q, this lawsuit is unique, not parallel to the FFIC litigation. *See Bethlehem Contracting Co.*, 800 F.2d at 328 (reversing district court's decision to abstain because, just like here, the defendant in the federal case was not a defendant in the state case and the plaintiff had asserted a claim in federal court that was not at issue in the

state court case); *Alliance of Am. Insurers*, 854 F.2d at 603 (reversing district court's decision to abstain because of "differences in parties and issues" in the two cases); *Zemsky v. City of New York*, 821 F.2d 148, 153 (2d Cir. 1987) (reversing district court's abstention ruling because, among other reasons, some of the defendants in the federal case were not parties in the state proceeding); *F.D.I.C. v. Four Star Holding Co.*, 178 F.3d 97, 102 (2d Cir. 1999) (criticizing district court's abstention ruling where a party in interest was not a party in the so-called parallel litigation); *Pikna*, 880 F.2d at 1583 (reversing district court's decision to abstain because state court may not have had jurisdiction over claims in federal court).

Ignoring the Second Circuit case law discussed above, R&Q relies on the Eastern District's *Bernstein* decision to argue that the NDNY action and this case are "parallel". R&Q Mem. at 7-8. But in *Bernstein*, the lawsuits were parallel because *all of the parties* in the federal case were parties in the state court proceedings, the court found that the interest of *all of the parties* was the same in each action, and "the claims asserted in the federal proceeding" could have been adjudicated in state court. *Bernstein v. Hosiery Mfg. Corp. of Morganton, Inc.*, 850 F. Supp. 176, 184 (E.D.N.Y. 1994).

This case is completely different. R&Q is not a party in the NDNY action. Also, with respect to R&Q's violation of its confidentiality obligations, FFIC claims that the NDNY court does not even have to address R&Q's conduct to resolve Utica's Motion to Strike. 10/20/11 Letter from FFIC to the NDNY (arguing that, notwithstanding any violation of confidentiality obligations, the NDNY is entitled to the information in FFIC's filings).[5] Finally, there is no question that Utica's claims against R&Q in this action cannot be adjudicated in the NDNY.

---

[5] R&Q attached this letter as Ex. E to the Finnegan Affidavit submitted with R&Q's Motion to Dismiss.

Therefore, R&Q's reliance on *Bernstein* is misplaced, as demonstrated by the Second Circuit's consistent rulings that abstention is improper when the so-called parallel litigation will not provide all of the relief plaintiff seeks. *See, e.g., Bethlehem Contracting Co*, 800 F.2d at 328 (reversing district court's abstention ruling because, as in this case, the defendant in the federal lawsuit was not a defendant in the state litigation and the plaintiff had asserted a claim in federal court that was not at issue in the state court case).

Accordingly, the Court should exercise its jurisdiction and deny R&Q's motion. *See Dittmer v. Cnty. of Suffolk*, 146 F.3d 113, 118 (2d Cir. 1998) (a "finding that the concurrent proceedings are 'parallel' is a necessary prerequisite to abstention under *Colorado River*").

### 2.     R&Q Has Not Shown Any Risk of Piecemeal Litigation.

The Court should deny R&Q's motion for one more reason – R&Q has not demonstrated that this Court is required to surrender its jurisdiction to avoid piecemeal litigation. There can be no risk of piecemeal litigation as Utica has not even asserted claims against R&Q in the NDNY, and that court cannot grant Utica the relief it seeks against R&Q. *See Woodford v. Cmty. Action Agency of Greene Cnty., Inc.*, 239 F.3d 517, 523-34 (2d Cir. 2001) (reversing district court's decision to abstain because there was no risk of piecemeal litigation where claims in federal court did not turn on decisions by state court).

Because the claims against R&Q are brought in this Court only, this case will allow a wholesale resolution of the dispute between Utica and R&Q, not risk piecemeal litigation. *Cf. De Cisneros v. Younger*, 871 F.2d 305, 308 (2d Cir. 1989) (abstention warranted because the defendant "could face liability in two forums with the risk of inconsistent results" – a concern not at issue here because only this Court will determine R&Q's liability); *Am. Disposal Servs., Inc. v. O'Brien*, 839 F.2d 84, 88 (2d Cir. 1988) (abstention appropriate where a plaintiff, "having failed to obtain the desired relief" initially, "brings a second proceeding in order to try again" – a

concern not at issue because Utica has asserted claims against R&Q in this Court only).

Accordingly, there is no basis for abstaining under *Colorado River*, and the Court deny R&Q's

Motion to Dismiss.[6]

### 3. None of the Other *Colorado River* Factors Support Abstention.

In addition to the reasons to deny R&Q's motion, which are discussed above, the Court

should exercise its jurisdiction based on the remaining *Colorado River* factors.

First, Utica's rights will not be adequately protected in the NDNY because R&Q is not

even a party in that case. Therefore, unlike in this Court, Utica cannot pursue any claims against

R&Q in the NDNY and that court cannot award Utica any relief against R&Q. And

procedurally, Utica will not able to conduct in the NDNY any of the discovery allowed against

parties under the Federal Rules of Civil Procedure and that would be plainly permitted here. *See,*

*e.g.*, Fed. R. Civ. P. 33 ("a party may serve" interrogatories "on any other party"); Fed. R. Civ. P.

36 ("[a] party may serve" requests to admit "on any other party"). R&Q does not even identify

these considerations, much less demonstrate why this Court should ignore them and yield its

jurisdiction over the only claims that Utica has asserted against R&Q.

As the Second Circuit has made clear, the Court should not abstain in a lawsuit that

provides the only basis for claims against a particular defendant and the relief sought in that case.

*See Bethlehem Contracting Co.*, 800 F.2d at 328 (abstention improper when the defendant in the

federal case was not a defendant in the state case and the plaintiff had asserted a claim in federal

---

[6] Disregarding the critical fact that only this Court can award the relief Utica seeks in this case, R&Q relies on the FFIC litigation having been filed in 2009. R&Q Mem. at 11. R&Q completely misses the point. Regardless of when Utica's complaint *against FFIC* was filed, Utica has not been litigating the *claims against R&Q* in the FFIC case because R&Q is not a party in that lawsuit. Moreover, as the Court is aware, the NDNY court has allowed Utica to provide this Court with the sealed filings in the FFIC litigation, making R&Q's reliance on the NDNY court having "immediate access to the sealed flings" moot. Ex. 5.

court that was not at issue in the state case); *Alliance of Am. Insurers*, 854 F.2d at 603 (finding that abstention was unwarranted because of "differences in parties and issues" in the two cases); *Zemsky*, 821 F.2d at 153 (where some of the defendants in the federal case were not parties in the state proceeding, reversing district court's abstention ruling); *F.D.I.C.*, 178 F.3d at 102 (criticizing district court's abstention ruling where a party in interest was not a party in the so-called parallel litigation).  Likewise, because R&Q is a party in this case but not in the NDNY, and Utica's claims against R&Q are being litigated in this Court only, R&Q cannot meet its burden to demonstrate the extraordinary circumstances needed for this Court to surrender its jurisdiction.

Second, there is no *res* involved in this case, and that supports retaining jurisdiction, not yielding it. *Village of Westfield*, 170 F.3d at 122 ("the absence of a *res* point[s] toward exercise of federal jurisdiction").  R&Q is plainly wrong when it dismisses the importance of this factor because the factors that do not support abstention *support retaining* jurisdiction.  *Compare* R&Q's Mem. at 12 (claiming that the absence of *res* is a factor that is "not pertinent to the particular context here") *with Woodford*, 239 F. 3d at 522 (citing *Village of Westfield*, 170 F.3d at 122) (explaining that "the facial neutrality of a factor is a basis for retaining jurisdiction" and, consequently, the absence of *res* is a factor that supports the exercise of jurisdiction, not one that is irrelevant, as R&Q argues).

Third, R&Q's claim that this Court and the NDNY are equally convenient for the litigants supports the exercise of jurisdiction. *Village of Westfield*, 170 F.3d at 122 ("where the federal court is 'just as convenient' as the state court, that factor favors retention of the case in federal court").  R&Q contends that this factor is "not pertinent" here.  R&Q Mem. at 12.  Again, R&Q is wrong because the presumption is that this Court *will exercise* its jurisdiction, not

surrender it, and therefore, factors that do not support abstention *support retaining* jurisdiction. *Woodford*, 239 F.3d at 522 (citing *Village of Westfield*, 170 F.3d at 122) (because "the facial neutrality of a factor is a basis for retaining jurisdiction" – *e.g.*, both courts being equally convenient – supports exercising jurisdiction).

*     *     *

In sum, even if the *Colorado River* doctrine could govern here, R&Q has not satisfied the strict requirements under that doctrine. Accordingly, given the strong presumption requiring this Court to exercise its jurisdiction, the Court should deny R&Q's motion.

### C.     R&Q Has Not Demonstrated that Violations of the Arbitration Panel's Order Must Be Addressed by the Panel.

R&Q contends that this Court cannot adjudicate the parts of Utica's claims related to the Arbitration Panel's Confidentiality Order because, according to R&Q, only the Arbitration Panel can address those claims. R&Q is wrong because it has not demonstrated – or even attempted to show – that Utica agreed to arbitrate the confidentiality dispute. Because the Arbitration Panel cannot decide Utica's claims against R&Q arising out of violations of the Confidentiality Order, there is no basis for the Court to dismiss those claims.

For a dispute to be subject to arbitration, the parties need to consent to arbitrate the dispute. *See Volt Info. Scis., Inc. v. Bd. Of Trs. of Leland Stanford, Jr. Univ.*, 489 U.S. 468, 479 (1989) (whether to arbitration "is a matter of consent, not coercion"); *Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 130 S. Ct. 1758, 1774 (2010) (holding that, in the context of arbitration agreements, "the parties' intentions control"). R&Q did not even attempt to establish that Utica consented to arbitrate the claims arising out of violations of the Arbitration Panel's Confidentiality Order. As the party moving to dismiss, R&Q had the burden to establish why

13

dismissal is warranted. *See Hines v. Overstock.com, Inc.*, 380 Fed. App'x 22, 24 (2d Cir. 2010). Because R&Q failed to satisfy its burden, the Court should deny R&Q's motion.

In addition, Utica did not consent to arbitrate the confidentiality dispute. Rather, Utica agreed to arbitrate claims for outstanding billings under the reinsurance agreements between Utica and R&Q. Ex. 2 to Utica's Compl. Against R&Q at 1 ("disputes have arisen between" Utica and R&Q "with respect to the Fac Certs [the reinsurance agreements], which the parties have agreed to resolve through binding arbitration"). Because Utica did not consent to arbitrate the confidentiality dispute, the Court should reject R&Q's argument that claims for violations of the Confidentiality Order are subject to arbitration. *See First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 943 (1995) (arbitration "is a way to resolve those disputes – but only those disputes – that the parties have agreed to submit to arbitration").

Furthermore, the Arbitration Panel's Confidentiality Order itself recognizes that the parties reserve all of their rights to seek relief for violations of the Order. After delineating the various forms of relief, the Confidentiality Order provides that the parties can also seek "*any other* remedies and damages that would be available at law or equity." Ex. 4 to Utica's Complaint Against R&Q ¶ 6 (emphasis added). Because the Order allows the parties to litigate claims arising out of violations of the Order, those claims cannot be subject to arbitration only.

Accordingly, R&Q cannot satisfy its burden to establish that Utica consented to arbitrate the part of the confidentiality dispute related to the Panel's Confidentiality Order.[7]

---

[7] In addition to being wrong on the merits, R&Q's argument about the Panel's Confidentiality Order is mostly irrelevant as well. Before the Panel entered the Confidentiality Order, Utica and R&Q signed a confidentiality agreement that was identical to the Order in all material respects. Ex. 3 to Utica's Complaint Against R&Q. Utica has asserted claims against R&Q specifically under that agreement. *See, e.g.*, Compl. ¶ 41 (alleging violations of agreement). Those claims (Footnote Continued)

## IV.  CONCLUSION

As shown above, the Court should deny R&Q's Motion to Dismiss.

Dated: New York, New York
       December 27, 2011

HUNTON & WILLIAMS LLP

By:    /s/ Robert J. Morrow
Robert J. Morrow
HUNTON & WILLIAMS LLP
200 Park Avenue
New York, New York 10166
(212) 309-1000
rmorrow@hunton.com

Walter J. Andrews (to be admitted *pro hac vice*)
Syed S. Ahmad (to be admitted *pro hac vice*)
Patrick M. McDermott (to be admitted *pro hac vice*)
HUNTON & WILLIAMS LLP
1751 Pinnacle Drive, Suite 1700
McLean, Virginia 22102
(703) 714-7400
wandrews@hunton.com
sahmad@hunton.com
mcdermottp@hunton.com

*Counsel for Utica Mutual Insurance Company*

will be resolved in this case, not by the Arbitration Panel, and even R&Q does not contend otherwise.

## DECLARATION OF SERVICE

Raymond E. Galbraith, hereby declares under penalty of perjury, pursuant to 28 U.S.C.

§ 1746, that:

I am a Litigation Paralegal at the law firm of Hunton & Williams LLP, attorneys for

Plaintiff Utica Mutual Insurance Company.

That on December 27, 2011, I served a true copy of the foregoing, on counsel of record

for Defendant, at the address listed below, via First-Class Mail, by depositing the same in a duly-

enclosed and sealed wrapper, with the correct postage thereon, in an official letter box duly

maintained by the Government of the United States of America, within the State of New York

I declare under penalty of perjury that the foregoing is true and correct.

Executed on December 27, 2011.

/s/ Raymond E. Galbraith_____
Raymond E. Galbraith

TO:     John F. Finnegan, Esq.
        Michael Samalin, Esq.
        Robert A. Schwinger, Esq.
        Thomas J. Hall, Esq.
        CHADBOURNE & PARKE LLP
        30 Rockefeller Plaza
        New York, NY 10112-0127


        *Attorneys for Defendant*
        *INA Reinsurance Company n/k/a R&Q Reinsurance Company*