UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UTICA MUTUAL INSURANCE COMPANY,

                      Plaintiff,

      -against-

INA REINSURANCE COMPANY, N/K/A R&Q
REINSURANCE COMPANY,

                      Defendant.

11 Civ. 8207 (AKH)

ECF Case

---

# REPLY MEMORANDUM OF LAW IN SUPPORT OF
# DEFENDANT'S MOTION TO DISMISS OR STAY

CHADBOURNE & PARKE LLP
Attorneys for Defendant
30 Rockefeller Plaza
New York, New York  10112
(212) 408-5100
*thall@chadbourne.com*
*rschwinger@chadbourne.com*
*jfinnegan@chadbourne.com*

Thomas J. Hall
Robert A. Schwinger
John F. Finnegan

      Of Counsel

**TABLE OF CONTENTS**

Page

PRELIMINARY STATEMENT ...............................................................................................1

ARGUMENT .....................................................................................................................2

    I.    *COLORADO RIVER* ABSTENTION APPLIES HERE...........................................2

    II.    THERE ARE VARIOUS OTHER PRINCIPLES THAT WOULD CALL FOR ABSTENTION IN FAVOR OF THE NDNY ACTION EVEN IF, *ARGUENDO, COLORADO RIVER* ABSTENTION WAS AS A TECHNICAL MATTER NOT APPLICABLE HERE ............................................4

    III.    THIS ACTION IS DUPLICATIVE OF ISSUES ALREADY BEING ADJUDICATED IN THE NDNY ACTION ............................................................6

CONCLUSION ..................................................................................................................9

## TABLE OF AUTHORITIES

Page(s)

**Cases**

Blonder-Tongue Lab. v. Univ. of Ill. Found.,
    402 U.S. 313 (1971) ................................................................................................................8

Calvert Fire Ins. Co. v. Am. Mutual Reins. Co.,
    600 F.2d 1228 (7th Cir. 1979) ..................................................................................................3

Clark v. Lacy,
    376 F.3d 682 (7th Cir. 2004) ....................................................................................................8

Colorado River Water Conservation Dist. v. United States,
    424 U.S. 800 (1976)......................................................................................................... *passim*

Columbia Plaza Corp. v. Security National Bank,
    525 F.2d 620 (D.C. Cir. 1975) ..................................................................................................2

Curtis v. Citibank, N.A.,
    226 F.3d 133 (2d Cir. 2000) ......................................................................................................7

Curtis v. DiMaio,
    46 F. Supp. 2d 206 (E.D.N.Y. 1999), aff'd, 205 F.3d 1322 (2d Cir. 2000) ........... *passim*

DiGennaro v. Whitehair,
    2010 WL 4116741 (W.D.N.Y. Oct. 19, 2010) .....................................................................5, 6

GE Bus. Fin. Servs. Inc. v. Spratt,
    2009 WL 1064608 (N.D. Ill. Apr. 20, 2009) ...........................................................................4

Govt. of the Virgin Islands v. Neadle,
    861 F. Supp. 1054 (M.D. Fla. 1994) .........................................................................................4

Gulf Oil Corp. v. Gilbert,
    330 U.S. 501 (1947) ..................................................................................................................2

Howard v. Klynveld Peat Marwick Goerdeler,
    977 F. Supp. 654 (S.D.N.Y. 1997) ..............................................................................4, 5, 6, 7

Kerotest Mfg. Co. v. C-O-Two Fire Equipment Co.,
    342 U.S. 180 (1952) ..................................................................................................................2

Krepps v. Reiner,
    377 Fed. Appx. 65 (2d Cir. 2010) .............................................................................................8

Landis v. North American Co.,
  299 U.S. 248 (1936) ................................................................................................2

Lexico Enters., Inc. v. Cumberland Farms, Inc.,
  686 F. Supp. 2d 221 (E.D.N.Y. 2010) ................................................................3, 5

Ridge Gold Standard Liquors, Inc. v. Joseph E. Seagram & Sons, Inc.,
  572 F. Supp. 1210 (N.D. Ill. 1983) ....................................................................5, 6

Serlin v. Arthur Andersen & Co.,
  3 F.3d 221 (7th Cir.1993) .......................................................................................5

The Haytian Republic,
  154 U.S. 118 (1894) ...............................................................................................9

Unitronics, Inc. v. Robotic Parking Sys. Inc.,
  2010 WL 2545169 (D.N.J. June 18, 2010) ...........................................................5

Defendant, INA Reinsurance Company, n/k/a R&Q Reinsurance Company ("R&Q" or "Defendant"), through its counsel, Chadbourne & Parke LLP, respectfully submits this Reply Memorandum of Law in further support of its motion to dismiss or stay the complaint (the "Complaint") filed by plaintiff Utica Mutual Insurance Company ("Utica" or "Plaintiff"), pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

## PRELIMINARY STATEMENT

Plaintiff Utica currently has pending in the United States District Court for the Northern District of New York (the "NDNY") a motion to strike certain materials that were filed in that action (the "NDNY Action") by Fireman's Fund Insurance Company ("FFIC"), the defendant in the NDNY Action. Utica's motion to strike in the NDNY Action claims that the FFIC filings should be stricken because they disclose information allegedly in violation of certain confidentiality agreements and an arbitration panel order between Utica and R&Q, the defendant in this action. Unwilling to wait for the NDNY's determination, Utica then filed this separate action that asks this Court to determine the same question at the same time.

It is easily foreseeable that having the exact same legal/factual issue decided by two courts at the same time poses the risk of inconsistent determinations, and/or that a determination by one Court will become the subject of a motion in the other Court for issue preclusion. This prospect makes all too clear why this second-filed action is nothing more than piecemeal, vexatious and wasteful litigation that should not be allowed to proceed.

The obviously proper course of action in this situation is for this action to be dismissed or stayed until Utica's motion to strike in the NDNY Action is decided. Utica's transparent effort to get two simultaneous bites at the apple should not be tolerated. R&Q's motion to dismiss or stay should therefore be granted.

**ARGUMENT**

**I.**

***COLORADO RIVER* ABSTENTION APPLIES HERE**

R&Q moved for this action to be dismissed or stayed in view of the abstention principles set forth in Colorado River Water Conservation Dist. v. United States, 424 U.S. 800 (1976), because of the prior pending proceedings in the NDNY Action that are already addressing the same core factual and legal issues about alleged confidentiality violations that are being raised in this action, and where Utica is a plaintiff and the defendant FFIC is represented by the same counsel as is R&Q herein.  Utica's principal argument in opposition is to claim that Colorado River abstention only applies where there is a prior-filed action in state court, not another federal court.  (Opp. Br. at 6-7.)  Utica is wrong, as many courts make clear.

First among these courts would be no less than the United States Supreme Court itself, and right in its Colorado River decision.  The Supreme Court in Colorado River collected cases on the long-standing federal practice to "avoid duplicative litigation" and stated that federal court abstention was appropriate "in situations involving the contemporaneous exercise of concurrent jurisdictions, either by federal courts or by state and federal courts."  See 424 U.S. at 817 (emphasis added).[1]  The Supreme Court concluded that the traditional balancing test applied by federal courts when faced with parallel federal litigation — which it characterized as "a carefully

---

[1]   The Court discussed cases concerning prior-filed state actions, such as Gulf Oil Corp. v. Gilbert, 330 U.S. 501 (1947), and prior filed federal actions, such as Landis v. North American Co., 299 U.S. 248, 254 (1936), Kerotest Mfg. Co. v. C-O-Two Fire Equipment Co., 342 U.S. 180, 183 (1952), and Columbia Plaza Corp. v. Security National Bank, 525 F.2d 620 (D.C. Cir. 1975).  See Colorado River, 424 U.S. at 817-18.

considered judgment taking into account both the obligation to exercise jurisdiction and the combination of factors counseling against that exercise" — applied just as much in the context of a prior-filed state court litigation, although with some more demanding requirements in the state-versus-federal context because of comity/federalism concerns.[2]  See id. at 817-18.  As the Seventh Circuit thus explained when affirming a Colorado River stay shortly after the Supreme Court decision, Colorado River:

> "did not articulate a different test to apply in the federal/state context, preferring to rely on the traditional test governing relations between two federal courts confronted with parallel suits."

Calvert Fire Ins. Co. v. Am. Mutual Reins. Co., 600 F.2d 1228, 1233 (7th Cir. 1979).

The applicability of Colorado River abstention when the prior-filed action is in federal court is further confirmed by the demonstrated practice of district courts within the Second Circuit.  These courts regularly cite to Colorado River when determining to abstain in favor of parallel federal litigation.

For example, in Lexico Enters., Inc. v. Cumberland Farms, Inc., 686 F. Supp. 2d 221 (E.D.N.Y. 2010), the Court was confronted with a request to dismiss in favor of an earlier-filed federal action.  The Court, citing Colorado River, stated that "[t]he general rule among federal district courts is to avoid duplicative litigation" and dismissed the second action.  Id. at 224-25.  The decision in Curtis v. DiMaio, 46 F. Supp. 2d 206 (E.D.N.Y. 1999), aff'd, 205 F.3d 1322 (2d

---

[2]   The Supreme Court explained that because of the "virtually unflagging obligation of the federal courts to exercise the jurisdiction given them," the showing needed to warrant such federal-court abstention in favor of a prior-filed state action is significantly higher than is the case when the prior-filed action is also in federal court, because in the latter situation the matter will still be adjudicated by a federal court even if the court in the later-filed action abstains.  See Colorado River, 424 U.S. at 817-18.

3

Cir. 2000), provides another example. Again facing a request for federal-versus-federal abstention, the Court cited Colorado River, stating that

> "[i]t is well established that federal district courts possess the power to administer their dockets in a manner that conserves scarce judicial resources and promotes the efficient and comprehensive disposition of cases,"

and dismissed the second federal action. See id. at 215-16. Howard v. Klynveld Peat Marwick Goerdeler, 977 F. Supp. 654, 665 (S.D.N.Y. 1997), provides yet another example in this exact same vein, quoting the same language.

In fact, to the extent there could be said to be any difference between application of the Colorado River abstention test between the federal-versus-federal and state-versus-federal contexts, the difference is that obtaining such abstention is actually much easier in the federal-versus-federal context. See n.2, supra; Colorado River, 424 U.S. at 817-18. As one court explained, where the parallel litigation is in federal court, "[t]he movant need not demonstrate compelling need for a stay; it must demonstrate merely that the stay is appropriate." Govt. of the Virgin Islands v. Neadle, 861 F. Supp. 1054, 1056 (M.D. Fla. 1994) (citations omitted). As another court put it:

> "[W]hen a party moves for a stay in one federal action in favor of another concurrent federal action [as opposed to a state action], the deciding court has far more discretion in determining whether or not to grant the stay."

GE Bus. Fin. Servs. Inc. v. Spratt, 2009 WL 1064608, at *2 (N.D. Ill. Apr. 20, 2009).

## II.

**THERE ARE VARIOUS OTHER PRINCIPLES THAT WOULD CALL FOR ABSTENTION IN FAVOR OF THE NDNY ACTION EVEN IF, *ARGUENDO*, *COLORADO RIVER* ABSTENTION WAS AS A TECHNICAL MATTER NOT APPLICABLE HERE**

There is no reason for this Court to get caught up in Utica's attempt to raise a hair-splitting metaphysical debate about whether the courts that cite Colorado River and then order

4

abstention in the face of dueling federal actions should be deemed to be applying Colorado River abstention versus applying some other principle of law with a different label that apparently shares many of the same factors and gets to the same result. (See Opp. Br. at 6-7 & n.4.) In terms of practical litigation realities, the outcome is the same either way. But even if this Court were to take the position that the appropriate doctrine in this federal-versus-federal abstention context is not technically "Colorado River," the determination that there should be abstention and a dismissal or stay is equally compelling under other well-established doctrines of federal law.

For example, abstention in favor of earlier-filed federal actions has been held appropriate under the district court's "general power to administer its docket." See DiGennaro v. Whitehair, 2010 WL 4116741 at *2 (W.D.N.Y. Oct. 19, 2010).

> "The complex problems that can arise from multiple federal filings do not lend themselves to a rigid test, but require instead that the district court consider the equities of the situation when exercising its discretion".

Id. Additionally, federal courts have deferred to earlier-filed federal actions under the "prior action pending doctrine." See Lexico, 686 F. Supp. 2d at 224. Both these doctrines are closely related to the Colorado River doctrine, and they are frequently discussed in tandem with Colorado River. See, e.g., Howard, 977 F. Supp. at 665.

As stated in Curtis, because district courts "possess the power to administer their dockets in a manner that conserves scarce judicial resources and promotes the efficient and comprehensive disposition of cases," a district court "may dismiss a suit 'for reasons of wise judicial administration … whenever it is duplicative of a parallel action already pending in another federal court.'" See 46 F. Supp. 2d at 215 (citing Serlin v. Arthur Andersen & Co., 3 F.3d 221, 223 (7th Cir. 1993) (quoting Ridge Gold Standard Liquors, Inc. v. Joseph E. Seagram & Sons, Inc., 572 F. Supp. 1210, 1213 (N.D. Ill. 1983)); see also Unitronics, Inc. v. Robotic Parking Sys. Inc., 2010 WL 2545169 at *2-3 (D.N.J. June 18, 2010) (dismissing under the

5

court's "authority to manage its docket" where the case was an "ill-disguised effort to do an end run around the discovery motions" in another federal lawsuit).

The critical question here, as in DiGennaro, Howard, and Curtis, is whether Utica's previously filed motion in the NDNY Action is parallel and duplicative of the core legal/factual issue at the heart of this action, and thus creates the danger of piecemeal litigation and possible inconsistent determinations. Notwithstanding Utica's attempt to argue otherwise (Opp. Br. at 8-11), the clear answer is yes, as discussed more fully in Point III, infra. Accordingly, abstention in favor of the NDNY Action — whether under the rubric of Colorado River, a court's power to administer its docket or prior action pending — is warranted here.

### III.

### THIS ACTION IS DUPLICATIVE OF ISSUES ALREADY BEING ADJUDICATED IN THE NDNY ACTION

This action raises the question of whether disclosures of certain information constituted a violation of certain confidentiality restrictions. Utica makes no effort in its opposing papers to dispute that the same acts of disclosure, the same confidentiality agreements and order, and the same alleged theory of breach is what is currently at issue in the NDNY Action. This later-filed action thus presents duplicative litigation par excellence.

District courts are accorded "a great deal of latitude and discretion in determining whether one action is duplicative of another, but generally, a suit is duplicative if the claims, parties, and available relief do not significantly differ between the two actions." Curtis, 46 F. Supp. 2d at 215 (quoting Ridge Gold Standard Liquor, 572 F. Supp. at 1213).

> "One of the tests to determine whether a suit is duplicative of a prior-filed suit is whether 'the same or connected transactions are at issue and the same proof is needed to support the claims in both suits or, in other words, whether facts essential to the second suit were present in the first suit.'"

Lexico, 686 F. Supp. 2d at 221 (quoting Curtis v. Citibank, N.A., 226 F.3d 133, 139 (2d Cir. 2000)).

That is precisely the situation here, and Utica does not contend otherwise. Utica instead argues that its motion to strike in the NDNY Action and this case are not parallel because R&Q is not a party to the NDNY Action and Utica only has claims against R&Q here, thus making Utica unable to obtain injunctive relief or damages from R&Q in the NDNY Action. (Opp. Br. at 8.) But whether true or not, these points are irrelevant to the abstention analysis.

All that Utica is really saying is that the parties are not completely identical between the two actions. But as the court in Howard explained, "for a second action to be duplicative, it is not necessary that the parties be identical." 977 F. Supp. at 665 (holding second-filed action that was "founded upon the same facts" and asserted the same rights to be duplicative of the earlier-filed case brought by the same plaintiff); see also Curtis, 46 F. Supp. 2d at 215 ("It is nonfatal to that plea that the parties are not identical. They need not be if their interests are aligned.").

Utica's interests are completely aligned between the two actions, and it is litigating with the same counsel in both actions. In both actions, Utica seeks a determination that disclosures of certain information in certain filings in the NDNY Action constituted a violation of certain confidentiality agreements or an arbitral order. Similarly, FFIC in the NDNY Action and R&Q in this action are litigating through the same counsel, and their interests are aligned with regard to both Utica's motion to strike in the NDNY Action and Utica's request for relief in this action. Both FFIC and R&Q would benefit from a determination that the challenged filings that were made in the NDNY Action did not violate the confidentiality agreements or order at issue.

Under principles of defensive non-mutual collateral estoppel, if the NDNY were to reject Utica's contention that the challenged filings constituted a violation of confidentiality

7

restrictions, then Utica's Complaint herein would be destined for dismissal as well. See Blonder-Tongue Lab. v. Univ. of Ill. Found., 402 U.S. 313, 328-29 (1971); Krepps v. Reiner, 377 Fed. Appx. 65, 68 & n.4 (2d Cir. 2010). Under such circumstances, the two cases are sufficiently parallel for abstention to be warranted. See Clark v. Lacy, 376 F.3d 682, 686 (7th Cir. 2004) ("Cases generally are parallel if there is a substantial likelihood that resolving one case will dispose of all claims in the other case.").

While Utica attempts to make much of the fact that there are no claims pending against R&Q in the NDNY Action, and that Utica therefore could not be awarded any relief against R&Q in the NDNY Action (Opp. Br. at 9-10), this point surely does not mean that abstention is inappropriate. It merely affects the form of the abstention relief that should be granted by this Court in its discretion. For example, it may be appropriate simply to stay this action until such time as the issue of a supposed breach of confidentiality has been resolved in the NDNY Action. Alternatively, it could be appropriate to dismiss this action without prejudice to Utica's refiling its claims at such time, if ever, that there has been a determination in Utica's favor on the breach of confidentiality issue in the NDNY Action. Relief in either of those forms would amply protect Utica from any risk of unfair prejudice.

Utica also raises the possibility that the NDNY could resolve the motion to strike without determining whether there had been a breach of confidentiality. (See Opp. Br. at 9.) The mere possibility that the motion to strike could be resolved without determining the confidentiality question is insufficient to avoid the conclusion that these actions are duplicative, or to require this Court to forebear from abstaining. The relief granted can always make provision for what should happen in the event that the NDNY manages to dispose of the breach of confidentiality issue without ruling upon its merits.

## CONCLUSION

The fundamental issue presented by this action and R&Q's motion to dismiss or stay is that Utica's decision to open a second front in this Court — without waiting for the NDNY's decision on Utica's own motion to strike that Utica chose to file first in the NDNY — has now generated piecemeal litigation and with it the attendant risk of inconsistent determinations from different federal courts. As the court in <u>Curtis</u> put it, "by commencing this action, in this district, the plaintiffs seek to prosecute their demand piecemeal and if this practice were permitted, 'there would be no end to litigation.'" 46 F. Supp. 2d at 216 (quoting <u>The Haytian Republic</u>, 154 U.S. 118, 125 (1894)). Defendant respectfully requests that its motion be granted and that the Court dismiss or stay this action in order to avoid such piecemeal litigation here.

Dated: January 6, 2012

                                              Respectfully submitted,

                                              CHADBOURNE & PARKE LLP

                                              By      /s/ John F. Finnegan
                                                         Thomas J. Hall
                                                   Robert A. Schwinger
                                                    John F. Finnegan
                                                   Members of the Firm
                                            Attorneys for Defendant
                                            30 Rockefeller Plaza
                                            New York, New York  10112
                                            (212) 408-5100
                                            *thall@chadbourne.com*
                                            *rschwinger@chadbourne.com*
                                            *jfinnegan@chadbourne.com*