UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------- x

UTICA MUT. INS. CO.,

                      Plaintiff,

-against-

INA REINS. CO. N/K/A R&Q REINS. CO.,

                      Defendant.

---------------------------------------------------------------- x

**ORDER TRANSFERRING CASE AND PENDING MOTIONS TO U.S.D.C., N.D.N.Y.**

11 Civ. 8207 (AKH)

ALVIN K. HELLERSTEIN, U.S.D.J.:

        Utica Mutual Insurance Company filed this lawsuit in this court for a declaratory judgment. It alleges that Defendant, INA Reinsurance Company (now known as R&Q Reinsurance Company), breached obligations of confidentiality in allegations and documentary productions made in a lawsuit pending in the United States District Court for the Northern District of New York, by Utica Mutual against a different reinsurance company, Fireman's Fund Insurance Company. The obligations of confidentiality arose in an arbitration and in the course of discovery proceedings in the arbitration.

        R&Q argues that the issues are most appropriately heard and decided by the judge presiding over the case where the documents in issue are proposed to be used. R&Q moves to dismiss the lawsuit in this court or to stay it. A subsidiary issue deals with the papers that the parties propose to file, and whether they should be sealed. Another subsidiary issue arises in connection with the conduct of the law firm that represents both R&Q and Fireman's Fund, Chadbourne & Parke LLP. Utica Mutual alleges that Chadbourne used papers it received as counsel for R&Q in defense of Fireman's Fund, and that such use is improper.

        It seems clear to me that one judge, not two, should preside over these interconnected cases. Since the issue is the propriety of use of documents regarded as confidential,

1

the judge who should preside is the judge who will have to decide the relevance, propriety, and admissibility of the documents as and when they are offered for use. That judge also is in better position to regulate the propriety of lawyers' conduct, and evaluate what should be maintained in public court files, and what may be sealed.

Neither party opposes a transfer of this case. See 28 U.S.C. § 1404(a). Accordingly, in the interest of justice, and to avoid duplicate and undue bother and expense to the parties, I order that the case before me, with its pending motions, be transferred to the United States District Court for the Northern District of New York and, with the consent of Hon. David N. Hurd, who presides over the related case in that district, that the case be assigned to him.

The Clerk shall terminate the case.

SO ORDERED.

Dated:   January 19, 2012
         New York, New York

_____
ALVIN K. HELLERSTEIN
United States District Judge

2